IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| JOHN SARDINHA, | ) | CV. NO. 05-00175 DAE-BMK |
| | ) | CR. NO. 02-00272-04 DAE |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

　　　　　Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Petitioner's motion and the

supporting and opposing memoranda, the Court DENIES Petitioner's Motion To

Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255.

BACKGROUND

　　　　　On June 15, 2002, Police agents searched Petitioner John Sardinha's

Kaneohe apartment and found illegal drugs, drug related paraphernalia, large sums

of money, a stolen, unloaded Smith and Wesson .39 caliber revolver in Petitioner's

bedroom closet as well as a stolen, loaded Smith and Wesson 9mm pistol in a

second bedroom in Petitioner's apartment (collectively "contraband").  Petitioner

was subsequently arrested in the presence of his girlfriend, her brother, and two children.  Petitioner was advised of his Miranda rights and, after waiving his rights, stated that the contraband in the apartment belonged to him.  After the police told him exactly what they found in his apartment, Petitioner reiterated that everything including the contraband was his.

On March 24, 2003, Petitioner pled guilty, pursuant to a plea agreement, to two counts of conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841 (a) (1).  In his plea agreement Petitioner admitted that agents found the guns in his apartment.  He reiterated that, after waiving his Miranda rights, he told the police that everything in the apartment found by the agents belonged to him.  Petitioner also waived his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255 unless he was sentenced higher than his applicable guideline range, or if his collateral attack was based on a claim of ineffective assistance of counsel.  The Court accepted Petitioner's plea.

On March 8, 2004, Petitioner's sentencing came on for hearing.  The Court adopted the factual findings and guideline application in the Presentence Investigation Report (PSR), including a recommended two-level increase to

Petitioner's base offense level because he possessed a firearm.   The Court

sentenced Petitioner to 135 months imprisonment and 5 years supervised release.

On April 14, 2004, judgment was entered.  On March 14, 2005,

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody pursuant to 28 U.S.C. § 2255.

STANDARD OF REVIEW

A.    28 U.S.C. § 2255

This Court's review of Petitioner's motion is provided for by statute

as follows:

> A prisoner in custody under sentence of a court established
> by Act of Congress claiming the right to be released upon
> the ground that the sentence was imposed in violation of the
> Constitution or laws of the United States, or that the court
> was without jurisdiction to impose such sentence, or that
> the sentence was in excess of the maximum authorized by
> law, or is otherwise subject to collateral attack, may move
> the court which imposed the sentence to vacate, set aside or
> correct the sentence.

28 U.S.C. § 2255.

The scope of collateral attack of a sentence under § 2255 is limited,

and thus it does not encompass all claimed errors in conviction and sentencing.

United States v. Addonizio, 442 U.S. 178, 185 (1979).

Under § 2255, the Court shall hold an evidentiary hearing on a petitioner's motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted.  United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).  The Ninth Circuit has clarified, however, that "[m]erely conclusory statements in a § 2255 motion are not enough to require a hearing."  United States v. Johnson, 988 F.2d 941, 945 (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

B.     Ineffective Assistance of Counsel

The United States Supreme Court has interpreted the guarantee of a fair trial in the Sixth Amendment of the United States Constitution to encompass the right to effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 684-685 (1984).  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Id.  In order to establish a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) in light of all the circumstances, his counsel's

4

performance was outside the "wide range of professionally competent assistance,"
by identifying specific material errors or omissions; and (2) his defense was so
prejudiced by his counsel's errors that there is a reasonable probability that, but for
his counsel's deficient representation, the result of the proceedings would have
been different.  <u>Strickland</u>, 466 U.S. at 687.  To successfully demonstrate
ineffective assistance of counsel, Petitioner must satisfy both prongs of the test.

        Petitioner must also overcome the presumption that counsel "rendered
adequate assistance and made all significant decisions in the exercise of reasonable
professional judgment."  <u>See</u> <u>id.</u> at 690; <u>see also</u> <u>Michel v. Louisiana</u>, 350 U.S. 91,
101 (1955) (defendant must overcome presumption of effectiveness, including the
possibility that, under the circumstances, the challenged action might be considered
sound trial strategy).  Judicial scrutiny of counsel's performance must be highly
deferential and must take into account the facts of the particular case, viewed at the
time of counsel's conduct.  <u>See</u> <u>Strickland</u>, 466 U.S. at 689-90.

<u>DISCUSSION</u>

        It is Petitioner's burden to assert the specific acts or omissions of his
counsel that amount to ineffective assistance of counsel.  <u>Strickland</u>, 466 U.S. at
687.  Here, Petitioner alleges the following actions, all of which stem from
Petitioner's assertion that the police coerced his admission that the contraband

found in his apartment was his and that he told his counsel, Myles Breiner, that his

confession was coerced.  Petitioner claims he was denied effective assistance of

counsel because his attorney: (1) forced him to agree to the terms of the plea

agreement (2) did not notify the Court that Petitioner's confession was coerced (3)

did not preserve for appeal and/or file an appeal based on the issue of a coerced

confession despite Petitioner's desire to do so and the fact that <u>Blakely v.</u>

<u>Washington</u>, 542 U.S. 296 (2004) (hereinafter "<u>Blakely</u>"), was pending; and (4)

failed to assert known alternative defenses on Petitioner's behalf.  Additionally,

Petitioner argues that <u>Blakely</u> and <u>United States v. Booker</u>, 543 U.S. 220 (2005)

(hereinafter "<u>Booker</u>"), are retroactively applicable upon Petitioners collateral

attack.

      A.    <u>Petitioner Is Not Entitled To An Evidentiary Hearing On His Claim</u>
             <u>That He Was Denied Effective Assistance Of Counsel Because His</u>
             <u>Attorney Forced Him To Accept The Terms Of The Plea Agreement.</u>

      Petitioner states "that he was *forced* to agree to the terms of the

agreement because former trail counsel, Myles Breiner, *instructed* the defendant

not to raise any objections in reference to holding him accountable for the conduct

of his co-defendants, and to the two level increase for the firearms found during the

search of his residence."  (Defendant's Memorandum of Points and Authorities in

Support of Motion to Vacate, Set Aside, or Correct Sentence "2255 Motion" at 1.)

(emphasis added).  Petitioner's claim that he was compelled or forced to accept the plea agreement is without merit.  This Court finds that Petitioner's claim is not borne out by the record and facts of this case.

Petitioner does not in any way expand on his assertion of being "forced" to accept the plea agreement besides the aforementioned quoted statement.  In fact, in Petitioner's ensuing statements, he makes clear that he does not assert actual compulsion or force on the part of his attorney.  Petitioner confuses being forced to accept the plea agreement with being advised to accept it.  Consequently, it cannot be said that Petitioner has stated a claim which if true would entitle him to relief.

Alternatively, even if this Court were to construe Petitioners statement as a claim that he was literally forced by his attorney to accept the agreement, the record indicates that Petitioner knowingly and voluntarily signed the plea agreement, and then orally confirmed in open Court his acceptance of all of its terms.  If Petitioner was under duress from his attorney, he had the ability to say so at that time.  The fact that he did not, as well as the patent implausibility that Defendant's counsel would force Petitioner to accept a plea agreement against his will, leads this Court to conclude that even if Petitioner is claiming actual duress, the claim fails on its face.  <u>See</u> <u>Shah v. United States</u>, 878 F.2d 1156, 1158 (9th Cir.

1989) ("Where a section 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal") (internal quotations omitted).

Although Petitioner initially appears to assert that he was compelled against his will by Mr. Breiner to accept the plea agreement, it is clear from Petitioner's motion that this is not the case. Rather, Petitioner is claiming, in essence, that Mr. Breiner's advice to accept the plea agreement being offered and not to challenge his allegedly coerced admission rises to the level of ineffective assistance of counsel under <u>Strickland</u>. This argument is reiterated in different ways by Petitioner numerous times throughout his motion, however, the underlying substance of his claim remains the same. Thus, the argument that Mr. Breiner's advice created a claim for ineffective assistance of counsel will be addressed in evaluating Petitioner's remaining arguments.

B.    <u>Petitioner Is Not Entitled To An Evidentiary Hearing On His Claim That He Was Denied Effective Assistance Of Counsel Because His Attorney Did Not Notify The Court That Petitioner's Confession Was Coerced.</u>

This argument is a restatement of Petitioner's underlying contention that Mr. Breiner's failure to challenge his confession to police officers constitutes ineffective assistance of counsel. This Court disagrees. This Court judges

8

Petitioner's claim using "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Strickland, 466 U.S. at 689.  "Judicial scrutiny of counsel's performance must be highly deferential."  Id.  See also Michel v. Louisiana, 350 U.S. 91, 101 (1955).

Even assuming the truth of Petitioner's argument, this Court finds that Mr. Breiner's decisions and advice fall within the wide range of reasonable professional assistance.  Petitioner was charged in a Nine-Count Superseding Indictment involving a six-man conspiracy.  (PSR at 3.)  He was caught in a thorough undercover operation that yielded direct and virtually incontrovertible evidence of his guilt for a number of offenses.  (PSR at Part A)  In addition, co-conspirators turned witness against Petitioner and were presumably willing to testify against him at trial.  (Id.)  It is well within reason that given the circumstances and evidence facing Petitioner, Mr. Breiner would advise him to take the plea agreement that the Government offered him and not to challenge the validity or admissibility of his statements to police regarding the contraband recovered at his residence.[1]  Had Petitioner chosen to dispute the Government's

---

[1]Furthermore, nowhere in Petitioner's brief does he assert that the contraband found in his apartment and used in conjunction with the sentencing enhancements did not actually belong

version of events, it is possible that the Government would have altered or eliminated the plea agreement.  Mr. Breiner may have reasonably concluded that his client's chances at trial were very poor indeed.  Further, while Petitioner only plead to two counts of the indictment, at trial the Government may have charged Petitioner with the remaining counts originally set forth.  In sum, even assuming that Petitioner did tell Mr. Breiner that his confession was coerced, this Court finds that Mr. Breiner's decision not to raise this issue with the Court or the Government does not constitute ineffective assistance of counsel under the aforementioned legal standard.

Indeed, it is important to reiterate that essentially what Petitioner now challenges is the strategic legal course chosen by his attorney in recommending that he accept the facts in the plea agreement relating to the charges against him in exchange for the Government's concessions.  Petitioner is not claiming that Mr. Breiner encouraged or forced him to affirm untruthful statements, or that Petitioner expressed his concerns to the Government or the Court and was ignored.

---

to him.  Rather, Petitioner only asserts that the confession originally given to the police was coerced.

10

C.    <u>Petitioner Is Not Entitled To An Evidentiary Hearing On His Claim That He Was Denied Effective Assistance Of Counsel Because His Attorney Did Not Preserve For Appeal And/Or File For Appeal On The Issue Of Petitioner's Coerced Confession.</u>

Petitioner's claim regarding his attorney's failure to appeal follows directly from this Court's previous analysis.  Mr. Breiner's actions here do not constitute ineffective assistance of counsel.  On the contrary, they are perfectly reasonable considering Petitioner's decision to enter into a plea agreement with the Government.  Indeed, it would not have made sense to accept the plea agreement and all of the factual statements included therein, and then turn around and appeal.

Additionally, Mr. Breiner cannot have been expected to predict the advent and outcome of <u>Blakely</u> and <u>Booker</u>.  Petitioner asserts that had Mr. Breiner appealed the sentence pursuant to the plea agreement, the decisions in <u>Blakely</u> and <u>Booker</u> may have been available to potentially reduce Petitioner's sentence.  This contention is unfounded.  As stated above, Mr. Breiner had no basis upon which to premise an appeal of Petitioner's sentence at the time it was entered.  Petitioner's argument would have required Mr. Breiner to predict the outcome of a case not yet adjudicated by the Supreme Court, and file an appeal, not on the substance of his case but on the offhand chance that the Supreme Court would articulate a new rule of law.

11

D.    Petitioner Is Not Entitled To An Evidentiary Hearing On His Claim That He Was Denied Effective Assistance Of Counsel Because His Attorney Failed To Assert Known Alternative Defenses On Petitioner's Behalf.

The "known defense" that Petitioner is referring to is of course the fact that his confession to police regarding the contraband was coerced through threats against him.  It would have been impossible for Mr. Breiner to advise Petitioner to accept the plea agreement and at the same time present a "known defense" against one of its factual assertions.  Therefore, what Petitioner is really objecting to is Mr. Breiner's advice to accept the plea agreement in the first place. That being the case, Petitioner's claim that he is entitled to an evidentiary hearing because his counsel did not present known defenses is a restatement of Petitioner's underlying claim that Mr. Breiner's legal strategy in accepting the plea was so erroneous that it constitutes ineffective assistance of counsel.  As this Court has already stated, this is not the case.  Consequently, Petitioner's argument fails here as well.

E.    Petitioner Is Not Entitled To An Evidentiary Hearing On His Claim That Blakely And Booker Are Retroactively Applicable Upon His Collateral Attack.

Neither Booker nor Blakely apply retroactively to alter a sentence entered pursuant to a final judgment.  See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that *Booker* does not apply

12

retroactively to criminal cases that became final before its release on January 12, 2005. That date rather than [the date] on which *Blakely v. Washington* came down, is the appropriate dividing line; *Blakely* reserved decision about the status of the federal Sentencing Guidelines. . . so *Booker* itself represents the establishment of a new rule about the federal system.") (internal citations omitted). The Seventh Circuit's holding emanates from, and is in direct accordance with, the Supreme Court's retroactivity framework in <u>Teague v. Lane</u>, 489 U.S. 288 (1989) and its application of that framework to a ruling very similar to the <u>Booker</u> ruling in <u>Schriro v. Summerlin</u>, 542 U.S. 348 (2004). <u>See</u> <u>also</u> <u>Humphress v. United States</u>, 398 F.3d 855, 860 (6th Cir. 2005) ("we conclude that Booker's rule does not apply retroactively in collateral proceedings"); <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. 2005) ("we hold that Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely, June 24, 2004."); and <u>Varela v. United States</u>, 400 F.3d 864, 867-68 (11th Cir. 2005) ("While neither this Court nor the Supreme Court has addressed the retroactivity of <u>Blakely</u> or <u>Booker</u> in the context of a § 2255 motion the Supreme Court's recent decision in <u>Schriro v. Summerlin</u> is essentially dispositive. . . [A]s the Supreme Court concluded in <u>Schriro</u>, we conclude that <u>Booker's</u> constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to

13

§ 2255 cases on collateral review.") (internal citations omitted).  This Court agrees that the rule of <u>Blakely</u> and <u>Booker</u> is not retroactive on collateral review. Petitioner plead guilty one year and three months before <u>Blakley</u> was decided, and almost two years before <u>Booker</u> was decided.  Consequently, Petitioner may not utilize the holding of either of those cases pursuant to his habeas petition.

<u>CONCLUSION</u>

For the reasons stated above, the Court DENIES Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 14, 2006.



_____
David Alan Ezra
United States District Judge

<u>John Sardinha vs. United States of America</u>, CV. NO. 05-00175 DAE-BMK, CR. NO. 02-00272-04 DAE; ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255