I

## LEGAL DISCUSSION

A. Standards For Determining When A Certificate of Appealability Should Be Issued.

As mandated by federal statute, a prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. See: 28 U.S.C. § 2253. Before the United States Court of Appeals for the Ninth Circuit (in this case) can entertain Sardinha's appeal, he must first seek and obtain a Certificate of Appealability from this Court. And should this Court decline to issue a COA, it must then been obtained in the Ninth Circuit. This is a jurisdictional prerequisite because the COA statute mandates that "unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals ...." See: 28 U.S.C. § 2253(c)(1). As a result, until a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners.

Under this statutory authority, a COA will only issue if the requirements of § 2253 have been satisfied. "The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal." See: <u>Slack v. McDaniel</u>, 529 U.S. 473, 482 (2000). Section 2253(c) permits the issuance of a COA only where a petitioner has made a "substantial showing of the denial of a constitutional right."

//

-1-

1.     In Slack v. McDaniel, 529 U.S. at 483, the Supreme
2. Court recognized that Congress codified the previous standard
3. for the issuance of a Certificate of Probable Cause, announced
4. in Barefoot v. Estelle, 463 U.S. 880 (1983), for determining
5. what constitutes the requisite "showing of the denial of
6. a constitutional right." Under the controlling standard,
7. a petitioner must "show that reasonable jurists could debate
8. whether (or for that matter, agree that) the petition should
9. have been resolved in a different manner or that the issues
10. presented were 'adequate to deserve encouragement to proceed
11. further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463
12. U.S. at 893, n.4).
13.     The COA determination under § 2253(c) requires an overview
14. of the claims in the habeas petition and a general assessment
15. on the merits. Therefore, this Court is to look at the
16. petitioner's constitutional claims and ask whether that
17. resolution is debatable among jurists of reason. "This ....
18. inquiry does not require full consideration of the factual
19. or legal bases adduced in support of the claims. In fact,
20. the statute forbids it." See: Miller-El v. Cockrell, 537
21. U.S. 322,336-37 (2003)("When a court .... sidesteps this
22. process by first deciding the merits of an appeal, and then
23. justifying its denial of a COA based on its adjudication
24. of the actual merits, it is in essence deciding an appeal
25. without jurisdiciton.").
26. //
27. //
28. //

In summary, the Supreme Court in <u>Miller-El v. Cockrell</u> held that "deciding the substance of an appeal in what should only be a threshold inquiry undermines the concept of a COA. The question is the debatability of the underlying constitutional claim, not the resolution of the debate." 537 U.S. at 342.

The petitioner requests of this Court to make a threshold inquiry into the matters presented below, under the standard clarified by the Supreme Court in <u>Miller-El v. Cockrell</u>, and determine whether the issues are debatable among a panel of judges in the United States Court of Appeals for the Ninth Circuit.

B. Questions To Be Resolved On Appeal.

1. In support of his 28 U.S.C. § 2255 motion, John Sardinha submitted an affidavit under the penalty of perjury, where he clearly stated at ¶¶ 3 and 4, that his confession to ownership of all contraband found at his residence was coerced out of fear. In his affidavit at ¶3, John Sardinha clearly stated that the arresting law enforcement agencies threatened that his family would be prosecuted for drug trafficking crimes and that his niece would be taken away from them. Although this court did not agree that the facts presented in Sardinha's affidavit warranted an evidentiary hearing, the petitioner submits that the Ninth Circuit could find it debatable as to whether this Court erred for not ordering an evidentiary hearing on this disputed issue for findings of fact. See: e.g. <u>Marrow v. United States</u>, 772 F.2d 525, 527 (9th Circuit 1985)(remanding for an evidentiary hearing on whether the

1. defendant's admission of guilt was voluntary, because the
2. defendant had alleged in sufficient detail that his admissions
3. were coerced by threats that his long-time female companion
4. would be imprisoned if he did not confess to guilt). See
5. Also: <u>Johnson v. Wilson</u>, 371 F.2d 911,912 (9th Circuit 1967).
6. 2.  In his 28 U.S.C. § 2255 motion and the attached affidavit
7. under the penalty of perjury (at ¶¶ 4 and 5), Sardinha clearly
8. stated that Attorney Breiner instructed him to agree with
9. whatever AUSA Thomas says, and too not object to the firearm
10. enhancement, nor to the drug quantity calculation under relevant
11. conduct. Sardinha alleged in specific detail that counsel
12. forced him to agree with these stipulations, in spite of
13. receiving notice that his client's post-<u>Miranda</u> confession to
14. ownership of the contraband was coerced by threats against
15. his family from the arresting law enforcement agents. The
16. question to be raised on appeal, is therefore, whether Attorney
17. Breiner rendered ineffective assistance of counsel for failing
18. to present known exculpatory evidence, which would have
19. demonstrated Sardinha's innocence of possession of firearms
20. in the furtherance of the drug trafficking activity, and
21. innocence of possessing the "ice" found inside of the residence?
22. See: <u>Lord v. Wood</u>, 184 F.3d 1083,1093 (9th Circuit 1999)("A
23. lawyer who fails adequately .... to introduce into evidence,
24. information that demonstrates his client's factual innocence,
25. or that raises sufficient doubts as to that question to
26. undermine confidence in the verdict, renders deficient
27. performance.").
28. //

As counsel was placed on notice of the coerced confession prior to the change of plea and sentencing hearings, the underlying question is whether counsel rendered ineffective assistance because of not arguing against constructive posession of the contraband found in the residence during those hearings? See: <u>United States v. Kelso</u>, 942 F.2d 680,682 (9th Circuit 1991)(to demonstrate constructive possession, the government must prove "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the substance.")(quoting, <u>United States v. Disla</u>, 805 F.2d 1340,1350 (9th Circuit 1986)).

As Sardinha pointed out in his Memorandum of Points and Authorities in support of his § 2255 motion, the only evidence AUSA Thomas used to hold the petitioner accountable for constructive possession of the firearms, was Sardinha's coerced confession to ownership of them. Sardinha also noted that the Plea Agreement drafted by AUSA Thomas made no reference to any fingerprints found on the two firearms retrieved from his residence, therefore, giving no indication of who may have used the firearms in the furtherance of the drug activity. See: Memorandum of Points and Authorities, at Page 9, and Footnote 3. Accordingly, Sardinha submits that the higher court could resolve whether in the absence of his coerced confession and in the absence of fingerprints, would AUSA Thomas be able to prove "actual" or "constructive" possession of the firearms retrieved from Sardinha's residence? See: <u>United States v. Kelso</u>, 942 F.2d at 682 (the defendant's mere access to the gun is insufficient to establish ownership,

and is insufficient to establish that he was aware of its presence). See Also: <u>United States v. Highsmith</u>, 268 F.3d 1141,1142 (9th Circuit 2001)(although the firearm was found on the day of the defendant's arrest in a cohort's bedroom along with a quantity of drugs (establishing that the defendant had access to the weapon), such evidence did not establish that the defendant knew of the firearm so as to warrant the two-level increase under "constructive possession" of a firearm).

3. As a final matter, Sardinha submits that the Ninth Circuit could resolve whether this Court erred for not remanding for resentencing in light of Attorney Breiner's failure to prosecute an appeal which Sardinha wished to pursue. In his Memorandum of Points and Authorities and its attached affidavit under the penalty of perjury, Sardinha clearly pointed out the fact that Attorney Breiner was granted permission to file a late Notice of Appeal under the 30 day rule, however, failed to follow through with prosecuting the appeal. See: Memorandum of Points and Authorities, at Page 10; Sworn Affidavit of John Sardinha at ¶¶ 6,7,8,11, and 12. Accordingly, Sardinha respectfully submits that the appellate court could resolve whether the circumstances of his case match the requisites for a claim of ineffective assistance of counsel, as clarified in <u>Roe v. Flores-Ortega</u>, 528 U.S. 470,481 (2000)("counsel has a constitutional imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.").

1. The petitioner submits that the Ninth Circuit could
2. resolve this matter differently, because as Sardinha pointed
3. out in his opening memorandum, the basis for his arguments
4. on appeal were available to Attorney Breiner, prior to the
5. Supreme Court's decision in Blakely v. Washington, 125 S.Ct.
6. 2531 (2004). See: Memorandum of Points and Authorities, at
7. Page 10, citing, United States v. Banuelos, 322 F.3d 700,705
8. (9th Circuit 2003)(where a defendant claims the district court
9. violated Apprend v. New Jersey, 530 U.S. 466 (2000), the
10. statutory maximum punishment is determined by the facts of
11. which the defendant admitted in his plea of guilty). As the
12. plea of guilty did not stipulate that the firearms were used
13. in the furtherance of the drug trafficking activity, but were
14. only found in Sardinha's residence on the day of his arrest,
15. the petitioner submits that the argument against constructive
16. possession of the firearms was available to Attorney Breiner
17. pursuant to the Ninth Circuit's Banuelos decision which was
18. rendered two weeks prior to his entrance into the plea of
19. guilty. Accordingly, Sardinha submits that the Ninth Circuit
20. could find it debatable as to whether this Court decided his
21. claim incorrectly, as this Court merely held that "Mr. Breiner
22. cannot have been expected to predict the advent and outcome
23. of Blakely ....," and without addressing the fact that Banuelos
24. was the controlling law of the Ninth Circuit when the appeal
25. should have been taken. See: Order Denying Sardinha's 28 U.S.C.
26. § 2255 Motion, at Page 11.
27. //
28. //

II

CONCLUSION

The petitioner submits that the issues presented for review deserve the encouragement to proceed in the United States Court of Appeals for the Ninth Circuit, pursuant to the standard clarified by the Supreme Court in <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

WHEREFORE, the petitioner, John Sardinha, requests of this Court to issue a Certificate of Appealability on the debatable issues presented herein.

Dated: March 3, 2006                Respectfully Submitted,

_____
John Sardinha
Petitioner, In Propria Persona

//
//
//