IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOHN SARDINHA, | ) | CV. NO. 05-00175 DAE-BMK |
| | ) | CR. NO. 02-00272-04 DAE |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S
MOTION FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's motion and the supporting memoranda, the Court GRANTS IN PART AND DENIES IN PART Petitioner's Motion for the Issuance of a Certificate of Appealability.

BACKGROUND

On June 15, 2002, Police agents searched Petitioner John Sardinha's Kaneohe apartment and found illegal drugs, drug related paraphernalia, large sums of money, a stolen, unloaded Smith and Wesson .39 caliber revolver in Petitioner's bedroom closet, as well as a stolen, loaded Smith and Wesson 9mm pistol in a second bedroom in Petitioner's apartment (collectively "contraband"). Petitioner

was subsequently arrested in the presence of his girlfriend, her brother, and two children.  Petitioner was advised of his Miranda rights and, after waiving his rights, stated that the contraband in the apartment belonged to him.  After the police told him exactly what they found in his apartment, Petitioner reiterated that everything including the contraband was his.

On March 24, 2003, Petitioner pled guilty, pursuant to a plea agreement, to two counts of conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841 (a)(1).  In his plea agreement, Petitioner admitted that agents found the guns in his apartment.  He confirmed that, after waiving his Miranda rights, he told the police that everything in the apartment found by the agents belonged to him.  Petitioner also waived his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255 unless he was sentenced higher than the applicable guideline range, or if his collateral attack was based on a claim of ineffective assistance of counsel.  The Court accepted Petitioner's plea.

On March 8, 2004, Petitioner's sentencing came on for hearing.  The Court adopted the factual findings and guideline application in the Presentence Investigation Report (PSR), including a recommended two-level increase to

Petitioner's base offense level because he possessed a firearm. The Court sentenced Petitioner to 135 months imprisonment and 5 years supervised release.

On April 14, 2004, judgment was entered. On March 14, 2005, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. As part of his motion, Petitioner asserted that his counsel, Myles Breiner, provided ineffective assistance based on the fact that: (1) he had informed his counsel that police coerced his admission regarding the contraband found in his apartment and that his counsel failed to raise this issue before the Court; (2) his counsel forced him to agree to the terms of the plea agreement; (3) his counsel did not file an appeal based on the issue of a coerced confession despite Petitioner's desire to do so and the fact that Blakely v. Washington, 542 U.S. 296 (2004) (hereinafter "Blakely"), was pending; and (4) his counsel failed to assert known alternative defenses on Petitioner's behalf. Petitioner also contended that Blakely and United States v. Booker, 543 U.S. 220 (2005) (hereinafter "Booker"), are retroactively applicable upon collateral attack.

On February 17, 2006, this Court denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Petitioner then filed the instant Motion for the Issuance of a Certificate of Appealability on March 13, 2006.

STANDARD OF REVIEW

A prisoner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial or dismissal of his petition.  28 U.S.C. § 2253(b); see also Miller-El v. Cockrell, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253).  Rather, the right to appeal is governed by 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, which requires that a Petitioner seek and obtain a certificate of appealability ("COA") from a circuit justice or judge.[1]  28 U.S.C. § 2253(c)(1); see also Slack v. McDaniel, 529 U.S. 473, 478 (2000).  A COA may only be issued if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order to satisfy the requisite showing for a COA when a petition for habeas corpus has been denied on its merits, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack, 529 U.S. at 484 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  In essence, the

---

[1] This is the language of the statute.  However, Rule 22(b), modified by Congress at the same time, says that "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate."

petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  When a habeas petition has been denied on procedural grounds, however, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. (emphasis added).

The "substantial showing" standard has been interpreted as being a "relatively low" or "modest standard." Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002); Silva v. Woodford, 279 F.3d 825, 832 (9th Cir. 2002).  While the petitioner must satisfy this requisite standard, this does not require a demonstration that the appeal will in fact succeed. Miller-El, 537 U.S. at 337.  Accordingly, when determining whether to issue a COA, the court shall not engage in a full consideration of the merits of the petitioner's claim and shall not decline the application based on a belief that the petitioner will not demonstrate an entitlement to relief. Id. at 336-37.  In addition, the court must resolve doubts about the propriety of a COA in the petitioner's favor. Jennings, 290 F.3d at 1010.  Since appellate review is limited to those issues that meet the requisite standard for the COA, when reviewing the petitioner's application, the Court shall do so on an

issue-by-issue basis, indicating which specific issues satisfy the requisite COA showing. 28 U.S.C. § 2253©)(3); see also Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999).

## DISCUSSION

I.  Petitioner's Claim For Ineffective Assistance Of Counsel Based On His Counsel's Failure To Raise The Issue Of His Forced Confession

　　A.  Petitioner's Claim That His Counsel Compelled Him To Accept The Plea Agreement Is Without Merit.

In denying Petitioner's contention that his attorney forced him to accept the plea agreement, the Court found that the actions of Petitioner's counsel, at worst, amounted to nothing more than advising Petitioner to accept the plea agreement. Furthermore, this Court held that Petitioner knowingly and voluntarily signed the plea agreement, and then orally confirmed in open Court his acceptance of all of its terms. Therefore, this Court finds that Petitioner's claim that his counsel forced him to accept the plea agreement is not even remotely supported by the record, and therefore cannot, under any reasonable jurist standard, form the basis of a valid claim for ineffective assistance of counsel.

  B. <u>Petitioner's Claim That His Counsel Failed To Raise The Issue Of Police Coercion Regarding His Confession</u>

  In his petition for habeas relief, Petitioner also asserted that the police improperly made threats against his family in order to secure a confession that the contraband belonged to him. Petitioner contends that he told his counsel about this event, yet his counsel never brought this matter to the attention of the Court. This Court denied Petitioner's claim on the basis that even if his statement was correct, it was insufficient to form a basis for an ineffective assistance of counsel claim. The Court found that given the given the circumstances and the nature of the evidence facing Petitioner, it was well within the bounds of reason that his counsel would advise him to take the plea agreement that the Government offered and not challenge the validity or admissibility of his statements to police regarding the contraband recovered at his residence.

  While the Court finds that Petitioner has not stated facts that would entitle him to an evidentiary hearing as to whether his counsel's failure to assert that Petitioner's confession was wrongfully obtained by the police, the Court finds that the issue does meet the minimum threshold showing required for this Court to grant a Certificate of Appealability.

    C.    <u>Petitioner's Claim That His Attorney Erred By Not Filing An Appeal Is Without Merit.</u>

In its Order denying Petitioner's habeas motion, this Court found that the failure of Petitioner's counsel to appeal the issue of his coerced confession could not form the basis for an ineffective assistance of counsel claim. In particular, this Court held that his counsel's actions were perfectly reasonable considering Petitioner's decision to enter into a plea agreement with the Government. Indeed, this Court found that it would not have made sense to accept the plea agreement and all of the factual averments included therein, and then file an appeal.

The Court also denied Petitioner's claim for relief based upon his contention that had his counsel appealed the sentence, the decisions in <u>Blakely</u> and <u>Booker</u> may have been available to potentially reduce Petitioner's sentence. This contention is unfounded. Petitioner's argument would have required Mr. Breiner to predict the outcome of a case not yet adjudicated by the Supreme Court, and file an appeal, not on the substance of his case but on the offhand chance that the Supreme Court would articulate a new rule of law.

8

Therefore, this Court finds that reasonable jurists would not debate as to whether the actions of Petitioner's counsel in failing to file an appeal could form the basis of a claim for ineffective assistance of counsel.

D.  Petitioner's Claim That His Attorney Failed To Assert Known Alternative Defenses On Petitioner's Behalf.

As set forth more fully in the Order denying Petitioner's motion, the "known defense" that Petitioner is referring to is his contention that his confession to police regarding the contraband was coerced through threats against him. To the extent that this "known defense" is a restatement of his above claim that his counsel failed to file a motion to suppress or otherwise raise the issue, the Court GRANTS Petitioner's request for a Certificate of Appealability on this issue.

II. Petitioner Is Not Entitled To A Certificate Of Appealability On His Claim That Blakely And Booker Are Retroactively Applicable Upon Collateral Review.

As set forth more thoroughly in the Order denying Petitioner's habeas motion, no Circuit Court has heretofore held that Booker or Blakely apply retroactively to alter a sentence entered pursuant to a final judgment occurring prior to those decisions. Petitioner plead guilty one year and three months before Blakely was decided, and almost two years before Booker was decided. Consequently, this

Court finds no basis to grant Petitioner's Motion for the Issuance of a Certificate of Appealability as to this issue.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Petitioner's Motion for the Issuance of a Certificate of Appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 20, 2006.



_____
David Alan Ezra
United States District Judge

John Sardinha vs. United States of America, CV. NO. 05-00175 DAE-BMK, CR. NO. 02-00272-04 DAE; ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY