UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

---

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

JOHN SARDINHA,

    Defendant-Petitioner.

---

Case No. 1:02CR00272-004
(DA)

MEMORANDUM OF LAW

IN SUPPORT OF 18 U.S.C. §3582

<u>MOTION FOR SENTENCE REDUCTION</u>

I.    <u>BRIEF BACKGROUND</u>:

Defendant-Petitioner, John Sardinha (hereinafter referred to as the "Petitioner") was sentenced on March 8, 2004 to a period of incarceration of one hundred thirty-five months and a term of supervised release of five (5) years for violation of drug laws, 21 U.S.C. §841(b)(1)(A)(b), and 21 U.S.C. §841(a)(1) involving more than 50gm of cocaine base ("crack").

At sentencing, the Petitioner's sentence was enhanced a total of 2 levels pursuant to §2D1.1(b)(1) U.S.S.G. for a firearms violation in connection with a drug offense. The aforementioned enhancement was a result of the factual conclusions and findings of the judge and not as a result of the express consent and

acknowledgement of the defendant in his guilty plea.

It is important to note that the enhancement imposed at the sentencing hearing resulted in a Base Offense Level of 35 and Petitioner's criminal points calculated to a Category I Criminal History, which was then reduced by 2 levels for Petitioner's acceptance of responsibility to a final B.O.L. of 33. This provided the Petitioner with a Guideline range of 135-168 months. The Court then sentenced Petitioner to 135 months.

Petitioner now bring this Motion pursuant to 18 U.S.C. §3582(c)(2) for a reduction of his sentence based upon Amendment 706 U.S.S.G. and §1B1.10 U.S.S.G., as amended on December 11, 2007 by the Sentencing Commission.

## II.   ARGUMENTS:

a) §3582(c)(2):

A sentencing court's authority to reopen and, if appropriate, reduce a sentence under §3582(c)(2) is triggered when the sentence was "based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to its power to "review and revise... the guidelines". Amendment 706, commonly known as the "crack amendment", clearly fits within that description.

Effective November 1, 2007, the Sentencing Commission lowered sentencing ranges for crack offenses by two (2) offenses levels because it found that the crack guideline over-punished crack offenders and created unwarranted disparity between them and other

(2)

drug offenders.  On December 11, 2007 the Sentencing Commission voted to make that amended guideline retroactive.  As a result, nothing more is needed to trigger the courts authority to revisit a sentence under §3582(c)(2).

Once the authority to revisit the sentence has been triggered, the court still needs to ensure that the new sentence is consistent with the 18 U.S.C. §3553(a) factors and the Sentencing Commission's policy.  **See: 18 U.S.C. §3582(c)(2).**  However, those policies statements, including any suggestion to limit a court's ability to resentence a crack defendant in accord with the applicable §3553(a) factors, must be read as advisory after the Supreme Court ruling in **Booker v. United States**, 543 U.S. 220 (2005).

In **United States v. Hicks**, 472 F.3d 1167, 1170 (9th Cir. 2007), **the Ninth Circuit** has held:

> "While §3582(c)(2) proceedings do not constitute full re-sentencings, their purpose is to give defendants a new sentence.  This resentencing, while limited in certain respects, still results in the judge calcula-ting a new Guideline range, considering all of the §3553(a) factors, and issuing a new sentence based on the Guidelines.  The dichotomy drawn by the government, where full resentencings are performed under an advisory system, while "reduction proceedings", or "modifications", rely on a mandatory Guideline system, is false... Booker excised the statutes that made the Guidelines mandatory and rejected the argument that the Guidelines might remain mandatory in some cases, but not in others."
> See: **Hicks**, supra, at 1170-1171 (citing **Booker**, 543 U.S. at 263-66).

Consequently, regardless of whether a §3582(c)(2) re-sentencing pursuant to Amendment 706 ("crack" amendment) constitutes a full "de novo" sentencing, it clearly requires the court to impose a sentence based upon its evaluation of the §3553(a) factors, a process that cannot be circumscribed by a policy statement.

The Court in **Hicks, supra,** stated it most clearly when it held that "Booker was not a mere statutory change which can be set aside to allow us to pretend it is [some other year] for the purpose of modifying a sentence; rather, it provides a constitutional standard which courts may not ignore by treating Guideline ranges as mandatory in any context." **See: Hicks, supra at 1173.**

In short, whether or not §3582(c)(2) re-sentencing constitute full re-sentencings, equitable proceedings, or something in between, the District Court here must still treat a Commission policy statement as advisory or else it violates the dictates of **Booker.**

b)  **§1B1.10(b)(1) and (b)(2):**

The Sentencing Commission in its amendments to 1B1.10 effective March 3, 2008, made certain modification which read most strictly, are intended to limit a district court's ability to reduce sentences by more than two (2) offense levels or below the applicable mandatory minimum sentence, begging the question of the extent to which the Commission can legally limit a district court's discretion under §3582(c)(2).

Taken together, the revised §1B1.10(b)(1) and (b)(2) state that the court "shall not" reduce a defendant's term of imprisonment to a term less than the minimum of the recalculated guideline range, which can only be determined by substituting the amended guideline for the prior version and leaving all other guideline decisions the same as before. In other words, if the defendant did not get a guideline departure before, according to the Sentencing Commission, he cannot get one now. **See: Amended**

U.S.S.G. §1B1.10 comment. (n.3) ("if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the Court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range").

This amended commentary should not be followed by the sentencing court for at least three (3) reasons. **First**, it limits the sentencing court's ability to consider the §3553(a) factors in imposing a new sentence, in clear violation of the court's duty under §3582(c)(2). **Second**, it instructs the court to treat §1B1.10 as mandatory; which in turn makes §2D1.1 mandatory in the context of a §3582(c)(2) resentencing, in express violation of <u>Booker</u> and <u>Kimbrough v. United States</u>, 128 S.Ct. 588 (2007). And **third**, it violates the Sentencing Commission's own statutory obligations under its enabling statutes, 28 U.S.C. §991 & 994.

 (i) **Treatment of 1B1.10 and 2D1.1 (as amended) as mandatory violates §3582(c)(2):**

The main problems with the changes to §1B1.10 is that they are designed to limit a court's ability to resentence a "crack" defendant in accordance with applicable §3553(a) factors, thereby requiring the court to violate its obligations under §3582(c)(2) to "consider the factors set forth in §3553(a) to the extent that they are applicable" when reducing the sentence.

In particular, the amended §1B1.10 would now require the district court to grant, at most, a two (2) level reduction in

every single case, even if the resulting sentence would still be greater than necessary to serve the purposes of sentencing or create an unwarranted disparity or otherwise contradict an applicable §3553(3) factor.

The Sentencing Commission's own conclusions were that the disparate treatment of crack offenders was "generally unwarranted" and "failed to meet the sentencing objectives set forth by Congress". See: <u>Amendments to the Sentencing Guidelines for U.S Courts</u>, 72 Fed. Reg. 29571-72 (2007)

Thus, because the amended guideline still results in sentences that are based on "generally unwarranted disparity" and fail to serve the purposes of sentencing, a district court cannot automatically assume - as the Sentencing Commission and the government would have it - that a sentence under the amended guidelines satisfies §3553(a). And because the court has a statutory obligation to consider the applicable §3553(a) factors when imposing a new sentence under §3582(c)(2), the Commission's Policy statement to the contrary is invalid. See: 18 U.S.C. §3582(c)(2).

(ii)   Treatment of §1B1.10 and 2D1.1 (as
       amended) as mandatory violates <u>Booker</u> and <u>Kimbrough</u>:

Even assuming that the current "crack" amendment (Amendment 706) did resolve the §3553(a) problems with the crack guideline (which it clearly has not), the revised §1B1.10 would still violate <u>Booker</u> insofar as it renders any part of the guideline as mandatory. <u>Booker</u> made clear that the guidelines cannot be

(6)

applied as mandatory in some circumstances and not others. Again in **Kimbrough, supra,** the Supreme rejected the governments argument that the crack guideline can be interpreted in anyway that renders it effectively mandatory. See: **Kimbrough, supra,** at 5.

Accordingly, those portions of the amended §1B1.10 that would impose mandatory Guideline - type limits upon a judge's ability to reduce sentences and would render §2D1.1 "effectively mandatory" for crack defendants being resentenced under §3582(c)(2), violate both **Booker** and **Kimbrough** and are void as a matter of law.

   (iii)   **Treatment of §1B1.10 and §2D1.1 (as amended) as mandatory violates the Commission's obligations under its enabling statute:**

In revising §1B1.10 to restrict a court's ability to even consider the Commission's acknowledged failure in the amended guidelines to satisfy §3553(a) when imposing a new sentence under §3582(c)(2); the Commission has violated its obligation under 28 U.S.C. §994(a)(2) to write policy statements that "further the purposes set forth in §3553(a)(2)".

The Commission has also violated its obligation to establish sentencing policies and practices that assure that the purposes of §3553(a)(2) are met, avoid unwarranted sentencing disparities, maintain sufficient flexibility to permit individualized sentences, and reflect advancement in the acknowledgement of human behavior as it relates to the criminal justice process. See: **28 U.S.C.**

(7)

§991(b)(1)(A)-(C).

The Supreme Court in <u>United States v. LaBonte</u>, 520 U.S. 751, 757 (1997) held clearly that if the sentencing guidelines' commentary "is at odds with" the plain language of 28 U.S.C. §994 the guideline commentary "must give way".

It would appear that the clear intent of the proposed revisions to §1B1.10 is to cabin and control judicial interpretation of §3582(c)(2), which is in blantant violation of "the separation of powers" principles, as it is a judicial function only, which interprets and applies the law. See: <u>Marbury v. Madison</u>, 5 U.S. 137 (1803).

c) <u>Applicability of §3553(a) Factors</u>
   <u>In Petitioner's Request For A Reduction</u>
   <u>of Sentence Pursuant to §3582(c)(2)</u>:

Among the 18 U.S.C. §3553(a) factors to be considered by this District Court at Petitioner's resentencing pursuant to Amendment 706 of the U.S.S.G. and §3582(c)(2) are:

1). The nature and circumstance of the offense and the history and characteristics of the defendant;
2). The need for the sentence to reflect the seriousness of the offense and to provide just punishment for the offense;
3). The need for the sentence to provide adequate deterrance to criminal conduct;
4). The need for the sentence to protect the public from further crimes of the defendant; and

5). To provide the defendant with needed educational or vacational training or other correctional treatment in the most effective manner. See: 18 U.S.C. §3553(a)

In this instant case, the Petitioner most respectfully requests that the District Court review and re-evalute each of the §3553(a) factors to be applied with regard to his Motion for Reduction of Sentence pursuant to §3582(c)(2), and consider further, all of Petitioner's post-conviction rehabilitation efforts and specifically how these efforts effects the courts consideration of factors 1, 4 and 5 above.

Petitioner, by his **Declaration In Support of 18 U.S.C. §3582 Motion for Reduction of Sentence** (hereinafter the "Declaration") informs this Court of his post-conviction rehabilitation efforts and behavior so as to apprise the Court of his commitment to change. Further, Petitioner offers his **Declaration** to assist the Court in its evaluation of the §3553(a) factors, as applicable to this resentencing procedure.

Petitioner's obvious commitment to further his education and certain vocational skills while incarcerated for over four (4) years, evidences, he believes, that Petitioner has not only fully accepted responsibility for his actions; but also that Petitioner is determined to utilize his term of incarceration to better himself and prepare himself for a smooth transition to free society once he is released.

Petitioner's behavior since the inception of his incarceration has been virtually without any incident of serious disciplinary

action whatsoever. Petitioner has abided by all of the rules and regulations governing his incarceration and has, without exception, demonstrated the acquistion of a mature and responsible demeanor during his term thus far.

Further, Petitioner has for over four (4) years now, been working very hard in his efforts to attain spiritual maturity as well. Petitioner has participated in faith-based programs and special events and has geared some of his educational pursuits to the need for his spiritual growth within this most difficult of environments. As a result, Petitioner is well respected not only by his fellow inmates within the Christian community; but also among the inmate population at large.

Petitioner takes this opportunity to inform the court that Petitioner's commitment to full rehabilitation is genuine and that it is Petitioner's commitment to better his life and better the lives of his family that will certainly guarantee to the Court and to society in general, that there no longer be any fear of Petitioner's crime or even Petitioner's propensity for crime. Petitioner's entire focus of his plan of action during any new term of incarceration which may now be imposed upon him by the Court, is to utilize said term to ensure this Court, his family, the general public, and most importantly, himself, that recidivism is not even an option which needs to be considered.

In Petitioner's Judgment and Commitment, the Court indicated that its decision to sentence him within the then applicable guideline range was difficult, because even at the low end of the guidelines range it was a lenghty prison term at 135 months.

The Court was correct in its reasoning. To deal in "crack" especially, but to deal in any drugs, is an activity which ruins the lives of many people and endangers the security of society at large. And so the sentence, in conformity with §3553(a)(2) and (3) should be a serious one, and one which will act as a deterent not only to the defendant, but to others considering the defendant's crimes, as well.

However, Petitioner is now requesting for the Court to reasses Petitioner, in this resentencing procedure, to evidence for itself, all of the positive steps which Petitioner has taken since his initial steps at sentencing and to re-evalute Petitioner in light of the §3553(a) factors, in order to impose a new sentence which takes such factors into full consideration.

As demonstrated earlier, this Court is not, should not and cannot be constrained in its resentencing procedures pursuant to the Amendment 706 to U.S.S.G. or with regard to the recent amendments to §1B1.10(b)(1) and (b)(2), by considering the policy statements of the Sentencing Commission as mandatory and dictating to the Court the limitations of the Court's resentence term.

d) **The Range of Factor Congress Directed the Sentencing Commission and the Courts to Consider:**

Congress directed the sentencing Commission to consider seven factors - all of which must be and have been, traditionally considered by judges in sentencing - in formulating offense

(11)

categories: (1) the grade of the offense; (2) the aggravating and mitigating circumstances of the crime; (3) the nature and degree of harm caused by the crime; (4) the community view of the gravity of the offense; (5) the public concern generated by the crime; (6) the deterrent effect that a particular sentence may have on others, and (7) the correct incidence of the offense. **See: 28 U.S.C. §994(c)(1)-(7).**

As mentioned earlier, in this case at bar, the Court had indicated at the Petitioner's sentencing hearing that the guidelines here served the ends of punishment and deterrance without any further significant discusion of the other six factors and what, if any, consideration was placed upon these factors by the Court; or for that matter, the underlying reasoning of the Court in arriving at a sentence of 135 months.

Having, as we do, the benefit of hindsight though the case of **United States v. Booker, 543 U.S. 220 (2005),** it is clearly evidenced that the Supreme Court holding in **Booker** supports fully the proposition that the sentence of no defendant can be enhanced without that defendant expressly agreeing to said enhancement in his Plea Agreement. This bar against enhancements by the judge exists in every instance; except those instances relating to a prior criminal conviction. **See: Booker, supra at 224.**

Again, in the case at bar, the Petitioner was enhanced a total of two (2) levels; based upon an enhancement for a firearm violation. However, the enhancement imposed, was imposed by a fact finding by the judge alone and without any prior agreement to said enhancement by the Petitioner. Clearly, this is a **Booker**

(12)

violation, which goes to the very heart and soul of the Supreme Court's holding, and which today would be completely improper.

Next, Congress also identified eleven (11) offender characteristics, such as age, education, vocational skills, physical condition (including drug dependency), and family and community ties, and instructed the Commission to decide whether those characteristics "have any relevance to the nature, extent, place of service, or other incidents of an appropriate sentence". **See: 28 U.S.C. §994(d)(1)-(11).**

In this instant case, the Petitioner contends that the Court merely presumed the then applicable guidelines to be reasonable, without any independent judgment taking into account the factors that, under 18 U.S.C. §3553(a), a sentencing judge must consider when imposing a sentence.

In its most basic and fundamental of instructions, Section 3553(a) directs district courts to choose a sentence that is "sufficient, **but not greater** than necessary, to comply with the purposes" of sentencing identified in the Act.

Petitioner herein contends that, contrary to that directive, which is commonly referred to as the "parsimony" provision, the Court in this instance, has for various reasons, imposed a sentence greater than necessary to satisfy the express statutory purposes of sentencing, by considering but just one factor, "the punishment and deterrance" factor.

      a).    <u>Firearm Enhancement:</u>

Petitioner's enhancement at sentencing for "firearms violation"

(13)

was rooted in Petitioner's PreSentence Investigation Report, but was never expressly agreed to by Petitioner in his Plea Agreement.

The government argued that pursuant to §2D1.1(b) U.S.S.G., the Petitioner's firearm violation should result in a two (2) level enhancement.

The Petitioner in this case, never expressly agreed to any enhancement of his sentence based upon the alleged firearm violation.

However, regardless of Petitioner's stance, what transpired at the Petitioner's sentence hearing was that the Petitioner's sentence was enhanced 2 levels by the judge based upon the judge's fact finding and not based upon any express acceptance by the Petitioner of the enhancement as part of his guilty plea.

**Booker**, supra, provides that the Petitioner's sentence cannot be subject to any enhancement, other than that for a prior conviction, based upon any set of facts found by a judge rather than a jury. In the instant case, that is exactly what transpired, the Petitioner's sentence was improperly enhanced.

This re-sentencing procedure, as result of **Amendment 706,** for all of the reasons cited earlier in this Memorandum of Law, provides the Court with the authority to revist Petitioner's sentencing and to correct those errors, which occurred as a violation of the rule of law announced by the Supreme Court in **Booker** and expanded upon in both **Kimbrough** and **United States v. Gall**, 128 S.Ct. 596 (2007).

Consequently, this Court does possess the authority to remove the enhancement which was improperly imposed by the Court at

Petitioner's sentencing and to lower the Petitioner's **Base Offense Level** by two (2) levels to Level 35, prior to any reduction the Court may further apply as a result of **Amendment 706,** which Petitioner maintains should be at a minimum of two (2) additional levels, for a final determination of a **Base Offense Level** of 29, **Criminal History Category I** with a guideline range of 87-108 months. Since Petitioner's prior sentencing was at the lowest end of the then applicable guideline range, it follows that the new sentence should also be at the lowest end or 87 months.

As mentioned earlier; but bearing repetition, the Court in the **United States v. Hicks, supra, at 1170** in reference to "crack" resentencings, clearly held that "the dichotomy drawn by the government, where full resentencings are performed under an advisory system is false... **Booker** excised the statutes that made the Guidelines mandatory..."

As a result, the Petitioner herein maintains that this Court, in its consideration of his §3582(c) Motion, may now properly consider all §3553(a) factors, as well as the Petitioner's particular characteristics and circumstances. Further, the Court may also properly consider the appropriateness of its original application of the sentencing enhancement, which **Booker** makes clear was imposed improperly as a result of impermissible judicial factfinding.

### III.   CONCLUSION:

**WHEREFORE,** Petitioner hereby requests that this District Court resentence Petitioner, pursuant to 18 U.S.C. §3582(c)(2), Amendment

706 to U.S.S.G. and §1B1.10(b)(1) and (b)(2).

Therefore, a two level reduction in Petitioner's original **Base Offense Level** at sentencing, consistent with the removal of the firearm enhancement improperly applied by the Court, would move the Petitioner from a **B.O.L.** of 31, **Criminal History I** which new amended **B.O.L.** should further be reduced by an additional two (2) levels, as a result of Amendment 706 to a new, final **B.O.L.** of 29, **Criminal History I** with a guideline range of 87-108 months.

Since the Court has previously chosen to sentence Petitioner at the lowest level of his then guideline range, the Court to be consistent with its prior intent should therefore now reduce Petitioner's sentence to the lowest level of the amended guideline range for new sentence of 87 months.

Petitioner respectfully requests that the Court exercise its full discretion in this matter, recognizing that by Supreme Court holdings in both **Booker** and **Kimbrough** the guidelines are but one factor with no more legal effect than any other §3553(a) factor, and resentence Petitioner to a total term of 87 months.

A reduced 87 month term of incarceration would be equitable and sufficient to comply with the statutory purposes of sentencing and also would give sufficient weight to not only the guideline range; but also each and every one of the §3553(a) factors in this case. Petitioner prays this Court to reduce his sentence to reflect the spirit and intent of the §3582(c)(2) resentencing procedure and Petitioner' commitment to meaningful and lasting rehabilitation.

Petitioner now requests therefore, for all of the reasons

cited herein, that the District Court lower his sentence for his drug violations to a total of 87 months.

Respectfully submitted,

/S/ _____
John Sardinha
Pro-Se Petitioner
Fed. Reg. No. 89543-022
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

Dated: April ___, 2008
       Fort Dix, New Jersey

(17)