IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00272-04 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN SARDINHA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER APPOINTING THE FEDERAL PUBLIC
DEFENDER'S OFFICE AS COUNSEL FOR DEFENDANT

Defendant was convicted of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. §§ 846 and 841 (a)(1). Defendant was sentenced on March 8, 2004, to a 135-month term of imprisonment.

On November 1, 2007, Amendment 706 became effective, allowing a reduction to the base offense level for most cocaine base ("crack") offenses.[1] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively in U.S.S.G. Section 1B1.10(c),

---

[1] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, which also was effective November 1, 2007.

effective March 3, 2008.  An amendment to the Guidelines may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993).

The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1 and provides a mechanism for determining the Guideline range for offenses involving crack cocaine and other controlled substances.

On April 22, 2008, Defendant, pro se, filed a motion for reduction of his sentence.  Because it is unclear whether Defendant's base offense level would be affected by Amendment 706, this Court finds that Defendant would be best served by having counsel appointed for him regarding this issue.  This Court hereby appoints the Federal Public Defenders Office as counsel, assuming they have no conflict of interest or that if there is a conflict that such conflict can be waived.  In the event there is a conflict, which cannot be waived, the Court directs the Federal Public Defenders Office to so advise the Court, in which case the matter will be referred to a CJA counsel.

The Court hereby authorizes the Probation Office to release to Defendant's Counsel and the Government the Presentence Report and any addendums thereby, and the statement of reasons pertaining to the Defendant.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 29, 2008.



_____
David Alan Ezra
United States District Judge


United States of America vs. John Sardinha, CR. No. 02-00272-04 DAE; ORDER APPOINTING THE FEDERAL PUBLIC DEFENDER'S OFFICE AS COUNSEL FOR DEFENDANT